IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02842-BNB

RICHARD SUGGS,

        Plaintiff,

v.

JONATHAN PAUL ADAMS,
KEITH MCKIM,
ERICK LOPEZ,
A[N]DREW GILL,
PUEBLO POLICE DEPARTMENT,
THE PUEBLO CHIEFTAIN,
OFFICE OF THE DISTRICT ATTORNEY,
TENTH JUDICIAL DISTRICT,
PUEBLO COMBINED COURT,
PUEBLO POLICE DEPARTMENT,
AN UNKNOWN DEFENDANT [sic], and
RIVERSIDE BAR AND GRILL,

        Defendants.

_____

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT
_____

        Plaintiff, Richard Suggs, filed *pro se* an amended complaint (ECF No. 10)

asserting both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question

jurisdiction pursuant to 28 U.S.C. § 1331.  He fails to make clear, however, the bases

for asserting federal jurisdiction under either statute.

        Mr. Suggs filed a separate document titled "List of Complaints Alone for First

Amended Complaint and Corrected Deficiencies Ordered by the Court" (ECF No. 11).

He also filed a motion titled "Motion to File Another Amended Complaint Within 60 Days

or the Maximum Time and for Time to Find a Lawyer and to Allow Another Amended Complaint To Be Filed if the Present One Is Deficient by March 1, 2013" (ECF No. 9), which will be denied as unnecessary, and Mr. Suggs will be ordered to file a second and final amended complaint.

Mr. Suggs also filed an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5).  The § 1915 *in forma pauperis* motion will be granted.

The Court must construe the amended complaint liberally because Mr. Suggs is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, Mr. Suggs will be ordered to file a second and final amended complaint.

Mr. Suggs maintains that on approximately October 26, 2009, Defendants Jonathan Paul Adams, Keith McKim, Erick Lopez, Andrew McGill, and an unknown unnamed Defendant ("the individual Defendants") stabbed him fifteen times as he left the Riverside Bar and Grill, blinding him in one eye.  He contends that he was the object of a hate crime.  It is unclear whether Mr. Suggs alleges that the individual Defendants were convicted in Denver District Court Criminal Action No. 05CR4827, and that they appealed from the judgment of conviction to the Colorado Court of Appeals in No.

06CA2014.  Mr. Suggs complains that the individual Defendants caused him $5 million to $10 million in damages.  He also complains that the individual Defendants were allowed to go free by the police, district attorney, Pueblo Combined Court, judges, and others because one of the individual Defendants is the nephew of a police officer, which apparently is the reason he is suing the non-individual Defendants.

The  amended complaint, which is thirty-pages and single-spaced, is unnecessarily verbose, repetitive, confusing, and fails to assert clearly the basis for this Court's jurisdiction, the asserted claims, and the relief sought.  Therefore the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As a result, Mr. Suggs will be given the opportunity to file a second and final amended complaint if he wishes to pursue his claims in this action.

The second and final amended complaint Mr. Suggs will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. In order for Mr. Suggs to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At this point, the Court is unable to determine if Mr. Suggs is suing proper parties because his claims and their federal jurisdictional bases are unclear.

The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Suggs must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court will give Mr. Suggs an opportunity to cure the deficiencies in his complaint by submitting a

4

second and final amended complaint that meets the requirements of Fed. R. Civ. P. 8. The second and final amended complaint must allege, simply and concisely, the basis for this Court's jurisdiction, Mr. Suggs' specific claims for relief, including the specific acts of each Defendant that allegedly violated his rights, and the appropriate relief sought.  The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.  It is Mr. Suggs responsibility to present his claims in a short, concise, and manageable format that allows the Court and the Defendants to know what claims are being asserted, and to be able to respond to those claims.

Accordingly, it is

ORDERED that the amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) is granted.  It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is denied as moot.  It is

FURTHER ORDERED that Plaintiff, Richard Suggs, file, **within thirty (30) days from the date of this order**, a second and final amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Suggs shall obtain the appropriate Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and Mr. Suggs specifically is directed to use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Suggs fails within the time allowed to file a second and final amended complaint that complies with this order, the amended

complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the motion titled "Motion to File Another Amended

Complaint Within 60 Days or the Maximum Time and for Time to Find a Lawyer and to

Allow Another Amended Complaint To Be Filed if the Present One Is Deficient by March

1, 2013" (ECF No. 9) is denied as unnecessary.

DATED January 3, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge