IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02842-BNB

RICHARD SUGGS, and
CARIN SUGGS, individually and as next best friend,

    Plaintiffs,

v.

JONATHAN PAUL ADAMS,
KEITH MCKIM,
ERICK LOPEZ,
ANDREW GILL,
JOHN DOE (Name currently unknown),
CITY OF PUEBLO[,] COLORADO POLICE DEPARTMENT,
STATE OF COLORADO,
PUEBLO[,] COLORADO OFFICE OF DISTRICT ATTORNEY,
PUEBLO CHIEFTAIN NEWSPAPER, and
RIVERSIDE BAR AND GRILL,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Richard Suggs, filed *pro se* an amended complaint (ECF No. 10) asserting both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. On January 3, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Suggs to file within thirty days a second and final amended complaint. On February 4, 2013, Mr. Suggs and his mother, Carin Suggs, individually and as next best friend, filed a second amended complaint (ECF No. 13) for declaratory relief and money damages.

    Mr. Suggs has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Ms. Suggs may not act as Mr. Suggs' next friend unless she is represented by counsel.  *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir, 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel).   A *pro se* litigant may not represent other *pro se* litigants in federal court.  *See* 28 U.S.C. § 1654; *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  "A litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo*, 213 F.31 at 1321.  In addition, Ms. Suggs has neither paid the $350.00 filing fee nor been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, she will be dismissed as a party to this lawsuit.

The Court must construe the second amended complaint liberally because Mr. Suggs is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court

should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the second amended complaint will be dismissed.

Mr. Suggs maintains that on approximately October 26, 2009, Defendants Jonathan Paul Adams, Keith McKim, Erick Lopez, Andrew McGill, and an unknown John Doe Defendant ("the individual Defendants") stabbed him fifteen times and blinded him in one eye as he left the Riverside Bar and Grill.  He contends he was the object of a hate crime.  Mr. Suggs complains that the Pueblo Office of the District Attorney failed to file charges against all the individual Defendants and only charged Defendant, Jonathan Paul Adams, with assault.  Mr. Adams apparently was convicted because Mr. Suggs maintains that Mr. Adams currently is serving a prison sentence.  Mr. Suggs contends the individual Defendants violated 18 U.S.C. §§ 241, 242, and 245, as well as 42 U.S.C. § 1981.

Mr. Suggs also contends that Defendant Pueblo Chieftain Newspaper misrepresented facts about the racial attack and defamed him in its newspaper reports. He complains that Defendant Riverside Bar and Grill failed to conduct a search for deadly weapons on its premises and protect him from harm.  However, he does not allege any direct connection between the October 2009 attack and these Defendants. He makes vague allegations that the State of Colorado, City of Pueblo Police Department, and Pueblo Office of the District Attorney made misrepresentations.  He insinuates that the investigating Pueblo police officer did not fully investigate the incident or file an accurate police report because he is the uncle of Defendant Jonathan Adams and also related to Defendants Keith McKim and Andrew McGill. Mr. Suggs makes the general allegation that these Defendants violated his rights to equal protection and due

process, apparently asserting claims pursuant to 42 U.S.C. § 1983.

The Court notes that Mr. Suggs does not have a private cause of action under §§ 241, 242, or 245. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). The assertion of jurisdiction under §§ 241, 242, and 245, therefore, is legally frivolous.

Mr. Suggs also may not sue under §§ 1983 or 1981. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Section 1981 "'ensures, . . . that persons of all races shall have equal rights to make and enforce contracts.'" *Tillman v. Murphy*, No. 11-cv-00196-WYD-CBS, 2012 WL 4755356, at *3 (D. Colo. Sept. 5, 2012) (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)).

Mr. Suggs does not allege that any of the individual Defendants, the Pueblo Chieftain Newspaper, or Riverside Bar and Grill acted under color of state law. He also fails to allege that any of the individual Defendants attempted to make or enforce a contract with him. Therefore, he may not sue any of these Defendants pursuant to §§ 1983 or 1981. Furthermore, Mr. Suggs may not sue the City of Pueblo Police Department. The police department is not a separate entity from the City of Pueblo

and, therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the police department must be considered as asserted against the City of Pueblo.  To hold a municipality or city liable under § 1983, Mr. Suggs must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  A local government entity such as the City of Pueblo is not liable under § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood*, Kan., 997 F.2d 774, 782 (10th Cir. 1993).  Mr. Suggs cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Ms. Grove does not state any facts in the second amended complaint to demonstrate that the attack was pursuant to a municipal policy or custom.

Furthermore, Defendants State of Colorado and the Pueblo Office of the District Attorney are immune from suit.  The State of Colorado and its agencies are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163

F.3d 1186, 1194-97 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. State of Colo.*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Pueblo Office of the District Attorney is a state agency because a district attorney is a state officer under Colorado law.  *See Romero v. Boulder Cnty. DA's Office*, 87 F. App'x 696, 698 (10th Cir. 2004).  As a result, this agency is protected by Eleventh Amendment immunity.  *See Will*, 491 U.S. at 66.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Suggs files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that Carin Suggs is dismissed as a party to this action.  It is

FURTHER ORDERED that the clerk of the Court remove the name of Carin Suggs from the docketing records for this action.  It is

FURTHER ORDERED that the second amended complaint (ECF No. 13) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of    February   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court