IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02842-LTB

RICHARD SUGGS,

    Plaintiff,

v.

JONATHAN PAUL ADAMS,
KEITH MCKIM,
ERICK LOPEZ,
ANDREW GILL,
JOHN DOE (Name currently unknown),
CITY OF PUEBLO[,] COLORADO POLICE DEPARTMENT,
STATE OF COLORADO,
PUEBLO[,] COLORADO OFFICE OF DISTRICT ATTORNEY,
PUEBLO CHIEFTAIN NEWSPAPER, and
RIVERSIDE BAR AND GRILL,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Richard Suggs, filed *pro se* on February 26, 2013, a motion to reconsider (ECF No. 16) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 11, 2013. The Court must construe the motion to reconsider liberally because Mr. Suggs is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Suggs' motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The February 11 dismissal order discusses in detail the reasons for the dismissal.

After review of the motion and the entire file, the Court finds that Mr. Suggs fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The motion for reconsideration does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 16) that Plaintiff, Richard Suggs, filed *pro se* on February 26, 2013, is denied.

DATED at Denver, Colorado, this  9th  day of      April         , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court